NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 5, 2009 [*]
Decided August 27, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2587

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| BRIAN NELSON, | No. 04 CR 423 |
| *Defendant-Appellant*. | |
| | Amy J. St. Eve, *Judge*. |

**ORDER**

This is Brian Nelson's second trip to this court.  We first encountered him after he was convicted, along with many others, on a drug conspiracy count for his role in a long-running narcotics business on the west side of Chicago.  Five defendants appealed and all

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

except Nelson came up empty.  Nelson got half a loaf--his conviction was affirmed but we vacated his 250-month sentence.

Nelson was no stranger to the police, having been arrested on multiple occasions for his drug related (and other) shenanigans.  At his sentencing hearing the district court looked at five of Nelson's arrest reports, which overlapped with the dates of the conspiracy, and added up the amount of drugs involved to calculate his guidelines range.  During his first appeal, Nelson argued that the arrest reports were unreliable.  We agreed and remanded for resentencing, asking the court to explain its basis for crediting the reports.  *United States v. McMahan*, 495 F.3d 410, 425-26 (7th Cir. 2007).

On remand, Nelson faired well.  After filing his resentencing memorandum, the probation officer submitted a revised presentence report, which lowered the amount of drugs attributed to him, but again based the drug finding largely on Nelson's arrest records.  Nelson responded by filing objections to the updated PSR, which prompted the probation officer to again revise the drug quantities downward in a supplement.  Nelson, still unsatisfied, lodged more objections to the supplement, but the district court adopted the probation officer's recommendations, which, by then, were supported by the arrest records, trial testimony, lab reports, and state court records.  The court sentenced Nelson to 126 months of imprisonment, near the bottom of his guidelines range.  Although this sentence cuts Nelson's prison time nearly in half, he has still found reason to appeal.

Nelson's guidelines range is driven primarily by his arrest in 2003 for possessing cocaine, so we will begin with his arguments for excluding the drugs involved in that arrest.  According to the police report (as described in the PSR), Nelson was caught near one of the conspiracy's sale points with a large bag containing 131 smaller ziploc bags of what the officers suspected was crack cocaine.  During resentencing, Nelson submitted a lab report from the Illinois State Police, who tested and weighed the drugs without the extraneous bagging material.  According to that report, the drugs in 80 of the baggies, totaling 15.4 grams of a chunky substance, tested positive for cocaine.  The remaining 51 baggies, which contained 9.6 grams of the chunky substance, were left untested.  Nelson was later convicted in state court of possessing more than 15 grams but less than 100 grams of a substance containing cocaine.  Based on this information, the district court added 25 grams of crack cocaine (15.4 grams of the tested substance + 9.6 grams of the untested substance) to Nelson's relevant conduct calculation.

Nelson first argues that there was not enough evidence to show that this arrest involved crack cocaine, as opposed to powder cocaine, since the lab report (and other state documents) only found the presence of cocaine, generically.  But this omission means little

since Illinois's drug laws do not differentiate between types of cocaine, whether powder or crack. *See* 720 ILL. COMP. STAT. 570/401(a)(2), (c)(2). The lab report, however, did confirm the presence of a chunky material which tested positive for cocaine. What's more, evidence presented at trial showed that Nelson was in the thick of the drug-selling conspiracy at the time of his arrest, and the only rock-like drug he was selling was crack cocaine. At sentencing, the district court is free to rely on a wide range of information, provided that the information includes a "sufficient indicia of reliability to support its probable accuracy." *United States v. Morrison*, 207 F.3d 962, 967 (7th Cir. 2002) (citations and quotations omitted). Here, the overlapping evidence and the court's detailed explanation supporting its determination assuage our initial misgivings regarding the reliability of the arrest reports alone. Given this support, we find no error in the court's conclusion that the 2003 arrest involved crack cocaine.

Nelson also argues that the untested amounts of drugs should be excluded from the relevant conduct finding. But we will only reverse the court's factual finding if it was clearly erroneous, and we find no such error here. *Morrison*, 207 F.3d at 967. As the district court noted, it is common practice for drug labs to test only a portion of the evidence submitted. All the drugs recovered here not only looked similar, but they were all similarly packaged and found together in the same larger bag. This evidence creates a reasonable inference that the untested portions, like the tested portions, were in fact crack cocaine.

For the same reasons, Nelson's challenges against including the drugs recovered from his 1999 arrest also come up short. According to that arrest report, Nelson was found at one of the conspiracy's hot spots with a paper bag holding 101 tinfoil packets containing what officers suspected was heroin and 24 small bags containing what they thought was crack cocaine. The Illinois State Police tested a portion of the drugs--some of the similarly packaged powdery substance tested positive for heroin (although, on the line immediately below the heroin finding, "Cocaine" was also listed) and some of the similarly packaged chunky substance tested positive for cocaine. Nelson was indicted and eventually found guilty in state court of possessing with intent to deliver heroin and cocaine. Just as before, the district court added both the tested and untested portions of the drugs recovered to Nelson's relevant conduct finding.

Nelson again points out that the lab report and state sentencing transcripts do not identify the form of cocaine involved. But, as we've just noted, the distinction between the different forms of cocaine is immaterial in Illinois, so this omission is meaningless. The district court, by relying on the arrest report identifying the drugs as crack cocaine, the lab's description of the drug as a chunky form of cocaine, along with evidence presented at trial, did not clearly err when inferring that the drugs were, in fact, crack cocaine. And,

given the context, we find no clear error in the court's decision to count the untested portions of the drugs, which appeared identical and were similarly packaged to the drugs that were tested.

Nelson raises an additional argument against counting the heroin involved in this arrest. He notes that, below the finding of heroin, the lab report also lists "Cocaine," and because there is no such drug as "heroin cocaine," he argues that the report is inherently unreliable. In context, the addition of the word cocaine seems like a typo--its atypically placed and at odds with both the arrest report and Nelson's conviction. And in any event, Nelson forfeited this particular argument by failing to raise it before the district court, and subsequently we are limited to plain error review. *See United States v. Irby*, 558 F.3d 651, 655 (7th Cir. 2009). Nelson, however, makes no attempt to argue that the court's heroin finding amounts to plain error, and we can discern no such error given the otherwise broad support for the court's conclusion.

Next, Nelson contends that the district court erred when it included the drugs recovered from his 1997 arrest and state conviction for possessing cocaine. He was nabbed after police spotted him buying .25 grams of what officers thought was crack cocaine. Nelson reiterates his argument that the crack finding is unsupported and also contends that this arrest should be excluded since he was caught *purchasing* a small amount of drugs, activity unrelated to the drug *selling* conspiracy which was the subject of his conviction. But his challenges face a major hurdle--excluding this small amount of crack from the drug quantity doesn't change Nelson's guidelines range. Its exclusion would reduce the relevant conduct finding to the equivalent of 615.78 kilograms of marijuana (from 620.78 kilograms), but Nelson's guidelines range remains unchanged so long as more than 400 kilograms was involved. U.S.S.G. § 2D1.1.

Lastly, Nelson contends that the district court erred when it passed over in silence his argument for a reduced sentence based on *Kimbrough v. United States*, 128 S. Ct 558 (2007). Nelson did not raise this argument in his initial resentencing memorandum, nor in his objections to the corrected PSR (although he did mention the Sentencing Commission's evolving view on the disparity between sentences for crack and powder cocaine offenses in this submission). Instead, he waited until after the supplement to the corrected PSR was filed to raise a *Kimbrough* argument, urging the court to ameliorate the 100-to-1 ratio between punishments for crack and powder cocaine offenses by exercising its sentencing discretion. And at the resentencing hearing, when given the chance to articulate any arguments under the sentencing factors listed in 18 U.S.C. § 3553, he made no mention of his *Kimbrough* argument. The district court is required to "*consider* the factors listed in § 3553(a) and *address* explicitly any substantial arguments" made by the defendant. *United*

*States v. Martinez*, 520 F.3d 749,753 (7th Cir. 2008) (emphasis in original). We do not require the court to address stock arguments, like Nelson's *Kimbrough* challenge, especially those thrown in at the last moment and in passing. While an explicit discussion of the argument may have been helpful, its omission is not fatal. Mr. Nelson's reduction of 124 months in his sentence is all he is entitled to.

Accordingly, the judgment of the district court is **AFFIRMED**.